# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DWAYNE LANNY CUTHRELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:11CR212-3 |
| ) | 1:14CV659 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for recommended rulings on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 72), Motion to Supplement Petition ("Supplement Motion") (Docket Entry 83), and Request to File Amendment to 2255 ("Amendment Motion") (Docket Entry 105).[1] For the reasons that follow, the Court should dismiss Petitioner's Section 2255 Motion as untimely (or, in the alternative, deny it as meritless) and should deny his Supplement Motion and Amendment Motion as futile.

---

[1] Parenthetical citations refer to the above-captioned criminal case. In connection with the Amendment Motion, Petitioner filed a second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 107) and an Amended Motion under 28 U.S.C. § 2255 (Docket Entry 114), which the Clerk has docketed as pending motions. Those filings, however, only would become viable motions if the Court granted the Amendment Motion.

INTRODUCTION

This Court (per United States District Judge Thomas D. Schroeder) entered a Judgment against Petitioner imposing, inter alia, a prison term of 160 months, upon his guilty plea to conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Docket Entry 43; see also Docket Entry 1 (Indictment); Docket Entry 23 (Plea Agt.); Docket Entry 48 (Plea Hrg. Tr.); Docket Entry 49 (Sent'g Hrg. Tr.); Docket Entry 129 (Presentence Report ("PSR")).) Petitioner appealed (see Docket Entry 40), but (on August 27, 2012) the United States Court of Appeals for the Fourth Circuit affirmed, United States v. Cuthrell, 475 F. App'x 889 (4th Cir. 2012). He did not seek review by the United States Supreme Court. (Docket Entry 72, ¶ 9(g).)

On July 30, 2014, Petitioner submitted his Section 2255 Motion (see Docket Entry 72, Decl. ¶), with a supporting brief (Docket Entry 73). He asserted one ground for relief, i.e., that his counsel acted ineffectively by "fail[ing] to object to the career offender enhancement based upon the fact that . . . under North Carolina law[ Petitioner] only received one consolidated sentence [for the two robbery convictions the PSR treated as separate predicates due to an intervening arrest]." (Docket Entry 72, ¶ 12; see also Docket Entry 49 at 20-21 (adopting PSR's career offender finding, resulting in advisory guideline range of 151-188 months in prison); Docket Entry 73 at 1-2 ("[Petitioner's] career offender

classification . . . was imposed in violation of [his] Sixth Amendment right to effective assistance of counsel . . . . [He] was enhanced as a career offender because of 'multiple' sentences out of North Carolina. However, these sentences were not 'multiple' sentences. Rather, [he] received **one** 'consolidated sentence'." (emphasis in original) (citing United States v. Davis, 720 F.3d 215 (4th Cir. 2013) (ruling that North Carolina convictions consolidated for sentencing do not constitute separate career offender predicates even if intervening arrest occurred)); Docket Entry 129, ¶¶ 25 ("[Petitioner] has been convicted of Felony Common Law Robbery (06CRS79892) and Felony Common Law Robbery (06CRS86570), crimes of violence. Since the instant offense is a controlled substance offense and [he] was 18 years or older at the time of the offense, [he] is a career offender within the meaning of USSG §4B1.1. The offense level determined under USSG §4B1.1 is 32 rather than [28 as] calculated [under USSG §2D1.1]."), 50 ("The total of the criminal history points is 9. According to the sentencing table (Chapter 5, Part A), 9 criminal history points establish a Criminal History Category of IV. However . . ., [Petitioner] is a career offender. A career offender's Criminal History Category in every case shall be Category VI.").)

After the United States responded to Petitioner's Section 2255 Motion (Docket Entry 82), the Clerk received Petitioner's Supplement Motion (Docket Entry 83) and (proposed) Supplement to

2255 Petition ("Proposed Supplement") (Docket Entry 84), both of which he mailed on January 27, 2015 (see Docket Entry 83 at 2; Docket Entry 84 at 3). The Proposed Supplement includes a new "Ground for Relief Number Two" asserting that, "[d]ue to a clerical error, [Petitioner] has been sentenced as a career offender, violating his Fourteenth Amendment right to due process under the law." (Docket Entry 84 at 1 (bold font omitted) (standard capitalization applied); see also id. at 2 ("When the probation department prepared the [PSR], [it] reported, in error, that [Petitioner's] North Carolina state [robbery] convictions were separate convictions." (citing Davis)).)[2]

The Clerk subsequently received Petitioner's Amendment Motion "asking permission to amend [his Section 2255 Motion] in light of . . . Johnson v. U[nited] S[tates], [___ U.S. ___,] 135 S. Ct. [2551] [(2015)]." (Docket Entry 105 at 1.) He also submitted a new motion under Section 2255 ("Proposed Second Section 2255 Motion") (Docket Entry 107) and a related amendment ("Proposed Amended Second Section 2255 Motion") (Docket Entry 114).[3]

---

[2] Petitioner later mailed letters to Judge Schroeder and the Clerk seeking re-sentencing under Davis. (See Docket Entries 92, 93.) Much later still, Petitioner filed an unauthorized "Supplement to 2255," which repeats the arguments in "Ground for Relief Number Two." (See Docket Entry 128.)

[3] The Amendment Motion also refers to United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), which it describes as "deal[ing] with intervening arrest, and priors not recognizable as
(continued...)

Petitioner's Proposed Second Section 2255 Motion identifies these three proposed claims:

1) "Whether the United States Supreme Court ruling in Johnson case applies to [Petitioner's] case" (Docket Entry 107, ¶ 12.A. (standard capitalization applied));

2) "Whether the United States Sentencing Commission ruling the residual [clause] in the career offender guidelines unconstitutionally vague applies to [Petitioner]" (id., ¶ 12.B. (standard capitalization applied)); and

3) "Whether the Supreme Court case of Welch v. United States[, ___ U.S. ___, 136 S. Ct. 1257 (2016),] makes finally [sic] that the Johnson case is retroactive" (id., ¶ 12.C. (standard capitalization applied)).

Petitioner's Proposed Amended Second Section 2255 Motion states:

> 1. Petitioner hereby amends and supplements his [Proposed Second Section 2255] Motion by adding as an additional ground for relief the following: The use of his prior consolidated common law robbery under 4B1.4 (career-offender statute) was a violation of his due process rights under Johnson . . . and

---

[3](...continued)
predicates for federal enhancements under North Carolina law." (Docket Entry 105 at 1 (standard capitalization applied).) However, none of the claims Petitioner has proffered in connection with his Amendment Motion mention <u>Newbold</u>. (See Docket Entry 107, ¶ 12; Docket Entry 114 at 1-2.) Additionally, after careful review, the undersigned Magistrate Judge has discerned no way in which <u>Newbold</u> could bear on Petitioner's case, much less any theory by which <u>Newbold</u> would entitle him to collateral relief.

> 2. The offenses of common law robbery no longer qualify as a "violent felony" after the Supreme Court's decision in Johnson. And also in United States v. Gardner[, 823 F.3d 793 (4th Cir. 2016),] where Gardner was career out [sic] do [sic] to (3) prior common law robberys [sic] in North Carolina but later challenged the common law robbery convictions as being categorically a non-violent felony.

(Docket Entry 114 at 1-2 (standard capitalization applied).)

## DISCUSSION

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's conviction became final and his collateral filing time began to run on or about November 25, 2012, 90 days after the Fourth Circuit's affirmance (i.e., his certiorari deadline). Clay v. United States,

537 U.S. 522 (2003). The one-year limitations period expired on or about November 25, 2013, more than eight months before Petitioner submitted his Section 2255 Motion. In the paragraph of his Section 2255 Motion entitled "TIMELINESS OF MOTION," which instructs that, "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations . . . does not bar your motion" (Docket Entry 72, ¶ 18), Petitioner did not contend that Paragraphs (2), (3), or (4) of Subsection 2255(f) applied, but instead requested equitable tolling "pursuant to authority from . . . the Fourth Circuit to allow delayed filings where a defendant challenges the appropriateness of his career offender enhancement" (id. (citing Whiteside v. United States, 748 F.3d 541, 546-48 (4th Cir.), abrogated on rehearing en banc, 775 F.3d 180, 184-87 (4th Cir. 2014) (en banc), cert. denied, ___ U.S. ___, 135 S. Ct. 2890 (2015)); accord Docket Entry 73 at 2). As the United States has observed, Petitioner "cannot claim relief from [Section 2255(f)'s] limitation period by relying on . . . equitable tolling since the Fourth Circuit in its en banc decision in *Whiteside* specifically found that a change in the law, such as that represented by *Davis*, does not . . . warrant equitable tolling." (Docket Entry 82 at 3 (citing Whiteside, 775 F.3d at 184-87).)[4]

---

[4] The Fourth Circuit also has foreclosed any argument that a new decision (such as Davis) triggers delayed accrual under Paragraph (4) of Subsection 2255(f). Whiteside, 775 F.3d at 183-
(continued...)

7

The Court therefore should dismiss Petitioner's Section 2255 Motion as untimely. Alternatively (again, as the United States has explained), Petitioner's Section 2255 Motion lacks merit because his counsel "could not have been ineffective for failing to anticipate the Fourth Circuit's decision in *Davis* which did not occur until ten months after it had decided [Petitioner's] own appeal." (Id. at 4 (citing United States v. Dyess, 730 F.3d 354, 363 (4th Cir. 2013), United States v. Roane, 378 F.3d 382, 397 (4th Cir. 2004), and United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996)).) Indeed, in Petitioner's direct appeal, the Fourth Circuit explicitly considered whether "the district court committed [a] significant procedural error, such as improperly calculating the Guidelines range," Cuthrell, 475 F. App'x at 889, and, upon "review[ing] the record[, the Fourth Circuit] conclude[d] that [Petitioner's] sentence [wa]s both procedurally and substantively reasonable, and the district court did not abuse its discretion in sentencing him," id. at 890. In other words, shortly before reaching the decision in Davis, the Fourth Circuit carefully scrutinized the calculation of Petitioner's guideline range and did not see any problem with the treatment of his two robbery

---

⁴(...continued)
84. Similarly, because Petitioner has not identified a government impediment to a timely filing and Davis came from the Fourth Circuit (not the Supreme Court), his Davis-based ineffective assistance claim does not qualify for delayed accrual under the plain language of Paragraphs (2) or (3) of Subsection 2255(f).

8

convictions as separate predicates rendering him a career offender; yet, Petitioner would have this Court label his counsel professionally incompetent for reaching that exact same conclusion.

This Court should reject that request for reasons well-articulated by another court in an analogous context:

> To establish a successful [ineffective assistance] claim . . ., a defendant must prove that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms . . . . [T]he bar of objective reasonableness is set rather low.
>
> . . . [The defendant contends] an objectively reasonable attorney would have [objected] . . . . We reject this argument. . . . A perfect lawyer with unlimited resources might have made a careful study of this difficult area of law, read the tea leaves, and lodged whatever objection his reading of the [law] might fairly support. The Sixth Amendment, however, does not pledge perfection. Had trial counsel neglected [to object when] . . . his client was obviously entitled [to prevail], our conclusion might be different. But there is little that [wa]s obvious about [this issue at that time] . . . . It would be unduly harsh to brand the bar incompetent for failing to grasp that which elude[d] the bench.

United States v. Hurt, 527 F.3d 1347, 1356 (D.C. Cir. 2008) (internal citations omitted); see also Strickland v. Washington, 466 U.S. 668, 689-90 (1984) (explaining that, to obtain relief, a petitioner must show that counsel's conduct fell below "prevailing professional norms," without relying on the "distorting effects of hindsight"); Woodruff v. Warden, Perry Corr. Inst., C.A. No. 9:07-2739-PMD-GCK, 2008 WL 4200291, at *7 (D.S.C. Sept. 8, 2008) (unpublished) ("[R]epresentation by counsel must only be objectively reasonable, not flawless or to the highest degree of

9

skill. Inherent in this standard is the acknowledgment that even the most skillful defense attorneys are bound to make mistakes, sometimes very important mistakes . . . . If the legal system were to afford prisoners a cause of action merely for demonstrating that, in hindsight, their trial counsel could have done something better, the court system would be choked with habeas petitions and trials on those petitions." (internal citation and quotation marks omitted)), appeal dismissed, 326 F. App'x 698 (4th Cir. 2009).[5]

Next, the Court should deny Petitioner's Supplement Motion as futile. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) ("appl[ying] Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion" and holding that "futility of amendment" warrants denial of leave to amend); see also Hill v. Equifax Info. Servs., LLC, No. 1:11CV107, 2013 WL 474789, at *3 (M.D.N.C. Feb. 7, 2013) (unpublished) ("The same standard applies to a motion under Federal Rule of Civil Procedure 15(d), as to one

---

[5] Petitioner's submission of United States v. Fenner, 575 F. App'x 156 (4th Cir. 2014) (remanding for re-sentencing in light of Davis) (Docket Entry 76 at 3-4) and his argument that it constitutes "newly discovered evidence which directly and accurately supports his [Section] 2255 [Motion]" (id. at 1) does not render his Davis-based ineffective assistance claim timely or meritorious. Specifically, a legal decision (like Fenner) does not constitute a new fact that restarts the one-year limitations period under Paragraph (4) of Subsection 2255(f), see Whiteside, 775 F.3d at 183-84, and Fenner involved a direct appeal (not collateral review), such that the defendant could obtain relief "even though the Davis error was not clear . . . at the time of sentencing," Fenner, 575 F. App'x at 158.

10

under Federal Rule of Civil Procedure 15(a). See Franks v. Ross, 313 F.3d 184, 198 & n.15 (4th Cir. 2002); Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 644 (M.D.N.C. 2004) (recommendation of Dixon, M.J., adopted by Beaty, J.)."). Petitioner's Supplement Motion proposes a new "Ground for Relief Number Two," asserting that, "[d]ue to a clerical error, [he] has been sentenced as a career offender, violating his Fourteenth Amendment right to due process under the law." (Docket Entry 84 at 1 (bold font omitted) (standard capitalization applied); see also id. at 2 ("[Petitioner's PSR] reported, in error, that [his] North Carolina state [robbery] convictions were separate convictions. . . . [H]ad that recording error not occurred, [he] would not have been designated as a career offender . . . ." (citing Davis)).)

To the extent Petitioner wishes to pursue that claim under Section 2255, he cannot prevail because it runs afoul of the statute of limitations for the same reasons (described above) as does his parallel ineffective assistance claim. That fact renders the proposed addition of "Ground for Relief Number Two" futile. See, e.g., Lowery v. United States, Nos. 3:09CV260RJC, 3:05CR216RJC, 2012 WL 2395192, at *3 (W.D.N.C. June 25, 2012) (unpublished) ("A cause of action barred by the applicable statute of limitations is futile; therefore, an untimely amendment can be denied on that basis." (citing Pittman, 209 F.3d at 317)), appeal

11

dismissed, No. 12-7114, 2012 WL 5992225 (4th Cir. Dec. 3, 2012) (unpublished). Further, the Supplement Motion would remain futile, even if timely, because petitioners may not pursue guideline misapplication claims (even as to career offender status) via Section 2255. See United States v. Foote, 784 F.3d 931, 943 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Likewise, Petitioner cannot obtain relief under Federal Rule of Civil Procedure 36 (rather than Section 2255), because the PSR's designation of his two robbery convictions as separate predicates for career offender purposes represents a legal error in guideline interpretation (revealed by Davis only after his sentencing), not a clerical error. Compare Moye v. United States, Nos. 4:10CR80FL, 4:13CV233FL, 2016 WL 4004580, at *8 (E.D.N.C. May 27, 2016) (unpublished) ("[T]he errors complained of by [the] petitioner do not constitute clerical errors, but rather substantive challenges to the calculation of his Guidelines range."), recommendation adopted, 2016 WL3983416 (E.D.N.C. July 25, 2016) (unpublished), with United States v. Powell, 266 F. App'x 263, (4th Cir. 2008) (applying Federal Rule of Civil Procedure 36 where state and federal documents "erroneously recorded that [the defendant] was convicted of [more serious offense]").

Finally, because Petitioner's proposed Johnson-related claims fail as a matter of law, the Court should deny his Amendment Motion. See generally Pittman, 209 F.3d at 317. In that regard:

> After [Petitioner] made [his] argument [that *Johnson* invalidates his career offender designation] . . ., the Supreme Court issued its decision in *Beckles[ v. United States*, ___ U.S. ___], 137 S. Ct. 886 [(2017)]. In *Beckles*, the petitioner was . . . sentenced as [a] "career offender" under the Sentencing Guidelines — a sentencing enhancement that . . . depended on the defendant having two prior convictions for a "crime of violence," as that term is defined in U.S.S.G. § 4B1.2(a). The petitioner challenged his sentence, arguing that one of his prior convictions was not a crime of violence after the [Supreme] Court's decision in *Johnson*. The government conceded . . . that the residual clause in § 4B1.2(a) was unconstitutionally vague, but it argued that the petitioner's sentence nonetheless remained valid. The [Supreme] Court, however, did not accept the government's concession. Instead, it rejected the petitioner's effort to apply *Johnson* to the Sentencing Guidelines, explaining:
>
>> Unlike the [Armed Career Criminal Act, 18 U.S.C. § 924(e), at issue in *Johnson*], the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.
>
> This decision clearly forecloses [Petitioner's] argument based on *Johnson*.

United States v. Mack, 855 F.3d 581, 585 (4th Cir. 2017) (internal citations and ellipsis omitted) (citing and quoting Beckles, ___ U.S. at ___, 137 S. Ct. at 890-92); see also United States v. Joseph, No. 16-10253, 2017 WL 2829073, at *4 (11th Cir. June 30, 2017) (unpublished) ("Because the residual clause was part of the [definition of 'crime of violence' in the career offender section

13

of the] sentencing guidelines in effect when [the defendant] was sentenced, the district court committed no error in applying the residual clause in calculating [his] advisory guideline range. Furthermore, because Amendment 798 [deleting the residual clause from that definition] constituted a substantive change to the career offender guideline, it does not apply retroactively to [the defendant's] sentence." (internal citation omitted)); United States v. Davis, No. 15-4527, 2017 WL 1291202, at *1 & n.1 (4th Cir. Apr. 7, 2017) (unpublished) (affirming career offender finding based on the defendant's prior North Carolina common law robbery conviction and holding that, "[b]ecause *Beckles* forecloses a challenge to the residual clause of the career offender Guidelines, *Gardner*[, 823 F.3d at 804 (concluding that North Carolina common-law robbery is not a violent felony under the force clause of the Armed Career Criminal Act),] is unavailing to [the defendant]"); United States v. Casper, Nos. 1:16CV260-HSO, 1:12CR34-HSO-JCG-1, 2017 WL 2198184, at *4 (S.D. Miss. May 18, 2017) (unpublished) ("To the extent [the petitioner] challenges the residual clause of § 4B1.2(a) under *Johnson* and *Welch*, *Beckles* clearly forecloses his argument.").[6]

---

[6] Pursuant to the standard practice adopted for all cases involving Johnson claims related to Sentencing Guidelines issues, the Court (per Chief United States District Judge William L. Osteen, Jr.) stayed this case pending the Supreme Court's decision in Beckles, but (by its express terms) that stay expired upon the issuance of that decision. (See Text Order dated Sept. 14, 2016.)

14

CONCLUSION

Petitioner's ineffective assistance of counsel claim based on <u>Davis</u> and his related, proposed "clerical error" claim fail as a matter of law under the statute of limitations. In addition, those claims and Petitioner's proposed <u>Johnson</u> claim(s) all lack merit.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Section 2255 Motion (Docket Entry 72) be dismissed as untimely (or alternatively be denied as meritless) and that Petitioner's Supplement Motion (Docket Entry 83) and Amendment Motion (Docket Entry 105) be denied as futile (resulting in the termination of his Proposed Second Section 2255 Motion (Docket Entry 107) and Proposed Amended Second Section 2255 Motion (Docket Entry 114)), all without issuance of a certificate of appealability.

                                                   /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                    **United States Magistrate Judge**

August 7, 2017